# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAN AGUILAR,<br><br>        Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,[1]<br><br>        Defendant. | Case No. 1:21-cv-000015-BAK (SKO)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Doc. 18)<br><br>**FOURTEEN DAY DEADLINE** |

On December 15, 2021, Jonathan Omar Pena, counsel for Plaintiff Arman Aguilar, filed a notice of "Suggestion of Death" upon the record. (Doc. 17.) Mr. Pena attached Plaintiff's death certificate to the notice, indicating Plaintiff had died on November 1, 2021. (*See* Doc. 17-1.) Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the Court ordered that "[a]ny motion to substitute a party as plaintiff shall be filed no later than March 17, 2022." (Doc. 18 at 2, emphasis omitted.) To date, no motion for substitution has been filed.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel

---

[1] On July 9, 2021, Kilolo Kijakazi was named Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html. She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant").

or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is again ORDERED to show cause, within fourteen (14) days of the date of service of this Order, why the action should not be dismissed for Plaintiff's failure comply with the Court's order and for failure to prosecute his case.** Alternatively, within that same time period, Plaintiff may file a motion for substitution. The Court further CAUTIONS if action is not taken within fourteen days of the date of service of this order, the Court will dismiss this case.

IT IS SO ORDERED.

Dated: **March 31, 2022**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE