# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAN AGUILAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:21-cv-000015-BAK (SKO)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　　Plaintiff Arman Aguilar initiated this action seeking judicial review of a decision denying his application for Social Security benefits. (Doc. 1) On December 15, 2021, Jonathan Omar Pena, counsel for Plaintiff Arman Aguilar, filed a notice of "Suggestion of Death" upon the record. (Doc. 17.) Mr. Pena attached Plaintiff's death certificate to the notice, indicating Plaintiff had died on November 1, 2021. (*See* Doc. 17-1.) Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the Court ordered that "[a]ny motion to substitute a party as plaintiff shall be filed no later than March 17, 2022." (Doc. 18 at 2, emphasis omitted.)

　　　　On March 31, 2022, the Court noted that a motion had not been filed and ordered Mr. Pena to "show cause, within fourteen (14) days of the date of service of this Order, why the action should not be dismissed for Plaintiff's failure comply with the Court's order and for failure to prosecute his case." (Doc. 26.) To date, neither a response to the order to show cause, nor a motion for

substitution, has been filed.

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the action may continue if a claim is not extinguished, and "[a] motion for substitution may be made by any party or by the decedent's successor or representative."  If the requirements of Rule 25(a) (1) are met, "[t]he substituted party steps into the same position as [the] original party."  *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).  However, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

Because the "Suggestion of Death" was filed on the record and served on December 15, 2021, any motion for substitution was due no later than March 15, 2022.  *See* Fed. R. Civ. P. 25(a)(1); *see also Summerfield v. Fackrell,* No. 2:10-cv-2884-WBS-EFB, 2012 WL 113281, at *2 (E.D. Cal. Jan. 11, 2012) (before the 90-day period begins to run, the suggestion of death must be filed on the record and served to the other parties); *see also Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  Importantly, Rule 25(a)(1) is stated in mandatory terms, and the action "*must* be dismissed" give the failure to timely file a motion for substitution.  *See id.* (emphasis added).

Based on the foregoing, the Court **ORDERS** that:

1. The action is **DISMISSED** without prejudice; and
2. The Clerk of Court is **DIRECTED** to close this action.

IT IS SO ORDERED.

Dated:   **April 19, 2022**                     /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE